UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LARRY D. JACKSON,                           Case No. 20-CV-1687 (PJS/TNL)

          Petitioner,

v.                                                    ORDER

JOSEPH F. CHASE,

          Respondent.

---

Larry D. Jackson, pro se.

James E. Haase, OLMSTED COUNTY ATTORNEY, for respondent.

This matter is before the Court on petitioner Larry Jackson's objections to the notice of appearance of attorney James E. Haase and the August 28, 2020 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung.  ECF Nos. 7–8.  Judge Leung recommends denying Jackson's petition for a writ of habeas corpus.  ECF No. 6. The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court overrules both of Jackson's objections and adopts Judge Leung's R&R.

Haase is the Senior Assistant County Attorney in the Olmsted County Attorney's Office and is representing the respondent (an Olmsted County district judge) in this matter.  Shortly after the R&R was issued, Jackson filed an objection to Haase's notice of appearance, based on an error in the corresponding affidavit of service.  ECF No. 7.

That affidavit of service, signed by Ashley Risko (who presumably works with Haase), said that Haase's notice of appearance had been served on Jackson on "November 15, 2019." ECF No. 5. That was obviously an error, as this action was not even filed until August 3, 2020.

In his objection, Jackson asserts that this error amounts to perjury and asks the Court to remove Haase as counsel for respondent.[1] ECF No. 7. Given that the actual notice of appearance has the correct date, ECF No. 4, given that Jackson received both the notice of appearance and affidavit of service shortly after they were filed, ECF No. 7, Attach. 2, and given that there would be no reason for Haase or Risko to claim that Haase's notice of appearance had been served more than eight months before this lawsuit was commenced, the Court is certain that the incorrect date is a harmless typographical error. The Court therefore declines to remove respondent's counsel.

Next, Jackson objects to the R&R, which recommends denying his habeas petition. *See* ECF Nos. 6, 8. Jackson's original habeas petition raised grounds for relief under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, all stemming from his pretrial detention in Olmsted County and his bail hearing. ECF No. 1 at 6–8. As Judge Leung explained in the R&R, each claim fails because Jackson did not exhaust

---

[1]Jackson reasserts these allegations in his objection to the R&R and claims that the incorrect date is evidence of harassment, bad faith, and irreparable injury. ECF No. 8 at 3. The Court rejects this argument for the same reason that it rejects Jackson's objection to the notice of appearance.

state remedies before filing his petition under 28 U.S.C. § 2241.  ECF No. 6 at 2; *see also*

*Olson v. Washington County*, No. 12-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn.

Jan. 24, 2013) (collecting cases and discussing exhaustion requirement for § 2241 habeas

petitions), *report and recommendation adopted*, 2013 WL 1867571 (D. Minn. May 3, 2013).

Judge Leung also concluded that Jackson failed to show the extraordinary

circumstances that are required for a federal court to interfere with an ongoing state

criminal prosecution.  ECF No. 6 at 2, 4; *see Harmon v. City of Kansas City*, 197 F.3d 321,

325 (8th Cir. 1999) (noting that under *Younger* abstention, "federal courts should refrain

from interfering with pending state judicial proceedings absent extraordinary

circumstances").  The Court agrees with Judge Leung that Jackson's claims are "neither

exhausted nor extraordinary."  ECF No. 6 at 4.

     In his objection, Jackson contends that there are extraordinary circumstances

requiring federal intervention, because he was subjected to double jeopardy when the

state court considered his criminal history and pending Michigan parole violation

during the bail hearing.  ECF No. 8 at 2.  This argument appears to relate to the first

claim in Jackson's petition.[2]  As Judge Leung explained, Jackson did not exhaust this

---

     [2]Jackson's first ground is based on the Fifth and Fourteenth Amendments, and
states: "Detainee held in MN custody answering to a crime a jury did not find him
guilty for at trial and a Mich[igan] parole detainer used to confine until a new trial is
scheduled without allowing resolution of violation."  ECF No. 1 at 7.

claim, because Jackson did not appeal the outcome of the bail hearing.[3]  ECF No. 6 at 4;

*see also Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (discussing exhaustion of

double-jeopardy claim brought under § 2241).

Even if Jackson had exhausted his double-jeopardy claim, it would still fail on

the merits.  Jackson contends that double jeopardy is implicated because he was

subjected to "multiple punishments for the same offense," *Illinois v. Vitale*, 447 U.S. 410,

415 (1980) (citation and quotations omitted), when the state court considered his

criminal history and Michigan parole-violator warrant in setting bail.  But bail is not a

punishment; its purpose is "assuring [a defendant's] presence at trial."  *Mastrian v.*

*Hedman*, 326 F.2d 708, 712 (8th Cir. 1964); *see also Stack v. Boyle*, 342 U.S. 1, 5 (1951)

(noting the "function of bail is limited" to assuring "the presence of an accused"); *Patel*

*v. Warden, Satellite Prison Camp*, No. 16-cv-1819, 2017 WL 781069, at *3 (D.S.C. Mar. 1,

2017) (noting conditional bail is not punitive and does not implicate double jeopardy).

Federal and state courts—including Minnesota courts—routinely consider previous

criminal convictions in making decisions about bail and pretrial release.  *See* Minn. R.

---

[3]In his objection, Jackson asserts that he has no "authority to force or make
another bail hearing."  ECF No. 8 at 3.  But Jackson does not dispute that he did not
appeal the outcome of his bail hearing, which he is entitled to do.  *See, e.g., State v.*
*LeDoux*, 770 N.W.2d 504 (Minn. 2009) (discussing defendant's excessive bail claim,
which was litigated through district court's review of the bail amount, an appeal to the
Court of Appeals, and a petition to the Minnesota Supreme Court); Minn. R. Crim.
P. 6.02, subd. 4 ("The court must review conditions of release on request of any party.").

Crim. P. 6.02, subd. 2(h) (outlining considerations impacting conditional bail, including "criminal convictions").  In considering Jackson's past crimes and alleged parole violation in making a decision about bail, the state court did not subject Jackson to double punishment.

Jackson also objects to Judge Leung's conclusion that Jackson's claim that his pretrial detention is improper because he is "innocent in Minnesota" is foreclosed by Jackson's guilty plea to the drug charge.[4]  ECF No. 6 at 4.  Jackson contends that pleading guilty to the drug charge cannot justify his pretrial detention because the "plea was entered for a[n] executed sentence."  ECF No. 8 at 2.  But the record reflects that Jackson has remained in detention not because he was impermissibly denied release on the drug charge, but because he could not make bail on the weapons charge.  *See* ECF No. 1, Attach. 1 at 2 (setting bail and conditional bail).  Jackson notes that he is awaiting retrial for the weapons charge, and despite his claims to the contrary, Jackson's pretrial detention is not inconsistent with the presumption of innocence on that charge.  *See Bell v. Wolfish*, 441 U.S. 520, 536 (1979) ("A person lawfully committed to pretrial detention has not been adjudged guilty of any crime.").

---

[4]This argument is based on the petition's third ground, which relies on the Sixth Amendment and a Minnesota statute.  It states: "Guilty in Mich. and innocent in MN. As the judge erred by not releasing me to the state or district where the crime was committed to be confronted, which exceeds and do not expire until October 2022, more than a possible finalized MN sentence total."  ECF No. 1 at 7.

Jackson next complains that the Olmsted County Adult Detention Center's COVID-19 procedures have placed him at risk of exposure to the virus in violation of his Eighth Amendment[5] rights. ECF No. 8 at 2–3. This argument is not properly before the Court, however, as Jackson did not raise it before Judge Leung, and as a party may not raise new claims for relief in an objection to an R&R. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1066–67 (8th Cir. 2012); *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." (citing *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004))). Jackson's habeas petition was filed on August 3, 2020—well after the start of the COVID-19 pandemic, and well after he was apparently placed in the medical unit[6]—and thus this claim could have been included in the original petition.

The Court also notes that Jackson's COVID-19 claim is unrelated to his original petition and requested remedy. Jackson's habeas petition focuses on his bail hearing,

---

[5]The Court notes that, because Jackson is a pretrial detainee, the Eighth Amendment is inapplicable, and instead this claim should be analyzed under the Fourteenth Amendment. *See Bell*, 441 U.S. at 535 n.16. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) (citation omitted).

[6]Jackson states that he was quarantined in the medical unit following a pretrial hearing on June 3, 2020, and has been held there ever since. ECF No. 8 at 2.

pretrial detention, and outstanding parole-violator warrant in Michigan.  Jackson's

petition requests that the Court "extradite [Jackson] to Mich[igan] to face the right of

accusers [sic] for violation of parole."  ECF No. 1 at 8.  If Jackson is now asking for

release from custody because of Olmsted County Adult Detention Center's response to

the pandemic, then that request is disconnected from his original requested relief and is

also not properly before the Court.[7]

Even if Jackson's COVID-19 claim were properly before the Court, the claim

would fail for two reasons:  First, Jackson has not demonstrated that he exhausted state

remedies as to this claim.[8]  Second, Jackson has failed to show the extreme

circumstances necessary for a federal court to interfere with ongoing state criminal

proceedings.  *Cf. Gould v. North Dakota*, No. 14-cv-018, 2014 WL 1406437, at *4 (D.N.D.

Apr. 10, 2014) (denying state pretrial detainee's request for release from custody based

on deliberate indifference to medical needs because he did not establish "an extreme

circumstance of an ongoing violation and no other remedy being available").

Accordingly, the Court rejects this argument.

---

[7]If Jackson is contesting the conditions of his confinement and seeking federal intervention to change those conditions, then a habeas petition under § 2241 is the incorrect avenue for relief.  *See Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014).

[8]Jackson provided a letter to the state district court expressing concern about the coronavirus.  ECF No. 8, Attach. 1.  But Jackson does not indicate that he took any other action with respect to this claim.

Jackson next argues that his Sixth Amendment rights have been violated because he has not been allowed to confront his pending parole violation in Michigan.  ECF No. 8 at 3.  This claim is not exhausted (since Jackson did not appeal the outcome of his bail hearing, ECF No. 6 at 4) and, even if it had been exhausted, this claim would fail on the merits.  Since a parole-revocation hearing is not a "criminal prosecution," the Sixth Amendment is inapplicable; instead, the rights of a parolee are governed by the Due Process Clause.  *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *United States v. Sutton*, 916 F.3d 1134, 1138 n.1 (8th Cir. 2019); *United States v. Ray*, 530 F.3d 666, 668 (8th Cir. 2008).  The Court therefore construes Jackson's argument as a due-process claim. Jackson is not entitled to relief on that due-process claim, however, because there is no due-process right to a parole hearing until the parole-violator warrant is executed and the defendant is taken into custody.  *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (holding that federal inmate had no due-process right to immediate federal parole revocation hearing until parole-violator warrant was executed); *Hicks v. U.S. Bd. of Paroles & Pardons*, 550 F.2d 401, 403 (8th Cir. 1977) (applying *Moody* to hold that state prisoner with outstanding federal parole-violator warrant had no due-process right to a hearing until warrant was executed); *see also Larson v. McKenzie*, 554 F.2d 131, 132–33 (4th Cir. 1997) (applying *Moody* to hold state inmate subject to detainer from a different state had no due-process right to a parole hearing until warrant was executed).

Jackson has not been taken into custody *on the parole-violator warrant*.  He is being held in custody because he allegedly committed crimes in Minnesota.  Although Michigan has apparently issued a parole-violator warrant and lodged a detainer, ECF No. 1 at 7, Jackson is not being held in custody on that warrant, and thus he has no due-process claim.  *See Politano v. Fed. Detainer*, No. 12-1530 (PAM/LIB), 2013 WL 796360, at *4–5 (D. Minn. Feb. 6, 2013), *report and recommendation adopted*, 2013 WL 791804 (D. Minn. Mar. 4, 2013).  Additionally, Jackson has not shown that the delay in the revocation hearing has prejudiced him, as is required to sustain a due-process claim, *Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 845 (9th Cir. 1983), or that the detainer is adversely impacting his confinement, *see Cooper v. Lockhart*, 489 F.2d 308, 315 (8th Cir. 1973).  The Court therefore rejects this claim.

Finally, Jackson notes in passing that he has not had an "opportunity to hire new counsel for upcoming trial upon release," violating his Sixth Amendment rights.  ECF No. 8 at 3.  The Court rejects this argument because it was not raised before Judge Leung, because Jackson has not shown that he has exhausted state remedies, and because this claim (even if exhausted) would not warrant federal interference in a state criminal proceeding.  *See Olsson v. Curran*, 328 F. App'x 334, 335–36 (7th Cir. 2009) (finding intervention unwarranted when state pretrial detainee claimed that he was forced to fire his counsel in violation of the Sixth Amendment); *Dickens v. Dauphin Cnty.*

*Prison*, No. 1:CV-10-2619, 2011 WL 292249, at *2 (M.D. Pa. Jan. 26, 2011) (rejecting state

pretrial detainee's habeas claim based on denial of counsel, due to lack of exhaustion

and absence of compelling circumstances).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES petitioner Larry Jackson's objections [ECF Nos. 7, 8] and

ADOPTS the R&R [ECF No. 6].  IT IS HEREBY ORDERED THAT:

1.   Petitioner's petition for a writ of habeas corpus [ECF No. 1] is DENIED

     WITHOUT PREJUDICE.

2.   Petitioner's application to proceed in forma pauperis [ECF No. 2] is

     DENIED AS MOOT.

3.   No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  February 2, 2021                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge